**In re GRANT.**

[Cite as *In re Grant* (1991), 81 Ohio App.3d 59.]

Court of Appeals of Ohio,
Lorain County.

Nos. 91CA004968 to 91CA004971.

Decided July 17, 1991.

*Gregory A. White,* Prosecuting Attorney, for appellant Margaret Grant.

*Freddie M.W. Springfield,* for appellee Lorain County Children Services Board.

*Corinne K. Dawson,* guardian *ad litem.*

---

CACIOPPO, Judge.

Appellant, Margaret Grant, appeals from the decision of the Lorain County Common Pleas Court, Juvenile Division, granting to Lorain County Children Services Board ("CSB") permanent custody of Latoya, age four years, Roselee, age three years and twins Brittany and Boyzie, age one year. We affirm.

On August 8, 1986, CSB received emergency custody of Latoya, who was eight months old, because Margaret was incarcerated in the Lorain County Jail. On February 18, 1987, CSB was granted temporary custody of Latoya, a dependent child.

On March 17, 1988, CSB received emergency custody of Roselee, who was six months old, because Margaret was incarcerated in the Ohio Reformatory. CSB was granted temporary custody of Roselee, a dependent child, on September 15, 1988.

On September 6, 1989, CSB obtained custody of Brittany and Boyzie who were three weeks old, because Margaret was incarcerated at the Ohio Reformatory.

On August 23, 1989 and September 21, 1989, CSB filed motions to obtain permanent custody of the four children. The trial court denied CSB permanent custody of the children on October 12, 1989. CSB appealed the decision as to Latoya and Roselee. On May 2, 1990, this court affirmed the trial court, noting that "[a]lthough the trial court would have had ample cause to grant the motion for permanent custody, we cannot say that the trial court abused its discretion in denying CSB's motion for permanent custody."

On September 13, 1990, CSB filed motions seeking permanent custody of the four children. After a hearing on the matter, the trial court, by clear and convincing evidence, found that each child could not be placed with either parent within a reasonable time or should not be placed with either or both parents pursuant to R.C. 2151.414(E)(1), (4), and (7). The court then found that it was in the children's best interest to permanently terminate all parental rights and ordered that CSB be granted permanent custody of the four children.

Margaret Grant filed a timely appeal.

Assignment of Error

"The trial court erred in granting Lorain County Children Services permanent custody of the children in that its ruling is not in the best interest of the minor children and is contrary to law."

Margaret asserts that she was not given ample time to comply with the reunification plan, having been released from jail only six months and six days prior to the filing of the motions for permanent custody and nine months prior to the hearing on the matter.

The issue before us is whether there is credible evidence to uphold the trial court's award of permanent custody to CSB.

R.C. 2151.414(B)(1) provides in part:

"The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

"(1) the child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with this parents[.]"

R.C. 2151.414(E) provides in part:

"In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with his parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents:

"(1) Following the placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly for a period of six months or more to substantially remedy the conditions causing the child to be placed outside his home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents

for the purpose of changing parental conduct to allow them to resume and maintain parental duties[;]

" * * *

"(4)· The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

" * * *

"(7) The parent is repeatedly incarcerated and the repeated incarceration prevents the parent from providing care for the child[.]"

██  In support of a finding under R.C. 2151.414(E)(1), evidence was presented that Margaret failed to comply with requirements set out in the case plan. Over a period of nine months, Margaret engaged in illegal activities, abused alcohol, missed twelve of fourteen scheduled visits with her children, served three terms of incarceration, exhibited poor impulse control and a violent temper and failed to establish a permanent residence.

In support of a finding under R.C. 2151.414(E)(4) and (7), respectively, evidence was adduced that Margaret visited her children only two out of fourteen scheduled periods between March 1990 and December 1990, and that Margaret had been incarcerated numerous times over the last eight years.

Margaret presented evidence that she tried to comply with the reunification plan by securing employment and attending parenting classes.

██  Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. We conclude that there was sufficient evidence to support the judgment, and that the trial court did not err as a matter of law. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.